# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 7640 | **DATE** | 12/1/2003 |
| **CASE TITLE** | Ward Enterprises, Inc. et al vs. Bank & Olufsen America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, BOA's motion to dismiss [32-1] is granted in part and denied in part.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | DEC 0 2 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 39 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK   docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | 03 DEC -2 PM 8:24   Date/time received in central Clerk's Office | date mailed notice   mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WARD ENTERPRISES, INC., a Washington corporation, and GARY WARD, | )<br>)<br>)<br>) |
| Plaintiffs, | ) No. 02 C 7640<br>) |
| v. | ) Wayne R. Andersen<br>) District Judge |
| BANG & OLUFSEN AMERICA, a Delaware corporation, | )<br>) |
| Defendant. | ) |

DEC 0 2 2003

## MEMORANDUM, OPINION AND ORDER

This matter comes before the Court on the motion of Bang & Olufsen America to dismiss the plaintiffs' second amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

Plaintiff Ward Enterprises, Inc. ("Ward Enterprises") is in the business of retail sales of audio and video products and telephones. Plaintiff Gary Ward ("Mr. Ward") is the owner and operator of Ward Enterprises. Defendant Bang & Olufsen America, Inc. ("BOA") is the sole distributor in the United States of audio and video products and telephones produced by Bang Olufsen Denmark and its subsidiaries and affiliates.

On June 1, 1999, Ward Enterprises and BOA executed a Licensed Dealer Agreement (the "Agreement") for Ward Enterprises to sell BOA products at a retail outlet in Seattle, Washington for a term of five years. Mr. Ward executed a personal guaranty in connection with the

Agreement, in which he guaranteed Ward Enterprises' obligations to BOA. On January 31, 2003, BOA terminated the Agreement before the end of its five-year term.

On February 21, 2003, Plaintiffs filed a second amended complaint, alleging fraud, breach of special relationship and violations of the Washington Franchise Investment Protection Act and the Illinois Franchise Disclosure Act. BOA has moved to dismiss the complaint.

## DISCUSSION

When deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). If the complaint, when viewed in light most favorable to plaintiff, fails to state a claim upon which relief can be granted, the court must dismiss the complaint. *Horton v. Marovich*, 925 F. Supp. 540, 543 (N.D. Ill 1996).

### I. Plaintiffs Have Alleged Fraud with Sufficient Particularity

BOA seeks to dismiss Count I of Plaintiffs' complaint pursuant to Rule 9(b) of the Federal Rules of Civil Procedure. A claim for fraud must state the circumstances constituting fraud with particularity. Fed. R. Civ. P. 9(b); *Boyd Machine & Repair, Co., Inc. v. American International Homes, Ltd.*, 100 F. Supp. 2d 898, 900 (N.D. Ill. 2000). In order to survive a motion to dismiss, the heightened pleading standard for Rule 9(b) "requires the plaintiff to state the 'who, what, when, where, and how.'" *DiLeo v. Ernst & Young*, 901 F.2d 624, 628 (7th Cir. 1990). BOA argues that Plaintiffs' allegations of fraud do not satisfy the heightened pleadings standard required of Rule 9(b). We disagree.

2

The purpose of the heightened pleading requirement in fraud cases is to require the plaintiff to do more than the usual investigation before filing a complaint, especially in light of the great harm public charges of fraud can cause to the reputation of a business. *Ackerman v. Northwestern Mutual Life Insurance Co.*, 172 F.3d 467, 469 (7th Cir. 1999). The fraud allegations "must be specific enough to provide the defendants with a general outline of how the alleged fraud scheme operated and of their purported role in the scheme." *Rohlfing v. Manor Care, Inc.*, 172 F.R.D. 330, 347 (N.D. Ill. 1997). To determine whether facts are sufficiently pled, a court will bear in mind the purposes of Rule 9(b): "(1) protecting the defendants' reputations; (2) preventing fishing expeditions; and (3) providing adequate notice to the defendants." *Id.*

In several paragraphs of the complaint, Plaintiffs have identified the individual (Ole Beck the president of BOA) alleged to have made certain false statements and/or representations. Plaintiffs also have identified the locations (Aurora, Illinois and Seattle, Washington) and approximate time frame of when these statements were made (during negotiations of the Agreement in or about September 1998). Specifically, Plaintiffs allege that BOA made false statements both orally and in various documents given to Plaintiffs during the negotiations of the Agreement. Plaintiffs further claim that BOA made false representations in its business projections and that BOA failed to disclose that BOA's market surveys and analyses, on which Ward Enterprises and Mr. Ward relied, were not based on factual data of actual results from other BOA retail outlets.

These allegations are sufficient to satisfy the heightened pleading requirements of Rule 9(b), and provide BOA with adequate notice of Plaintiffs' claims. Thus, the motion to dismiss Count I is denied.

## II. Plaintiffs Fail to State a Claim for Breach of a Special Relationship

BOA also seeks to dismiss Count II of Plaintiff's complaint, which alleges breach of a special relationship. BOA argues, as a matter of law, that the Agreement and the relationship between the parties do not constitute a special relationship or fiduciary relationship. Plaintiffs, however, claim that their relationship with BOA constitutes a special relationship because Plaintiffs relied solely and exclusively on the superior knowledge and bargaining power of BOA. We disagree.

Parties to a contract deal at arms' length and do not owe a fiduciary duty to one another, except when special circumstances exist. *Bixby's Food Systems, Inc. v. McKay*, 985 F. Supp. 802, 808 (N.D. Ill. 1997); *McGowan v. Pillsbury Co.*, 723 F. Supp. 530, 536 (W.D. Wash. 1989). Allegations that one party trusted another to fulfill its contractual obligations or that one party was in a dominant business position, however, do not constitute such a special circumstance to turn a formal, contractual relationship into a fiduciary relationship. *Bixby's Food Systems, Inc.*, 985 F. Supp. at 808; *Oil Express National, Inv. v. Burgstone*, 958 F. Supp. 366, 370 (N.D. Ill. 1997); *Thompson v. Atlantic Richfield Co.*, 673 F. Supp. 1026, 1028 (W.D. Wash. 1987).

Plaintiffs do not allege facts that would support the presumption that a special relationship exists in this case. Therefore, we grant BOA's motion to dismiss Count II.

4

## III. Plaintiff Ward Enterprises Has Stated a Claim under the Washington Franchise Investment Protection Act

BOA also has moved to dismiss Count III of Plaintiffs' complaint, which alleges a violation of the Washington Franchise Investment Protection Act (the "Washington Franchise Act"). BOA argues, among other things, that Plaintiffs have failed to allege the elements necessary to state a claim under the Washington Franchise Act and that Plaintiffs' allegations of fraudulent devices and schemes do not satisfy the heightened pleading standard of Rule 9(b). BOA further argues that even if Ward Enterprises states a claim under the Washington Franchise Act, Mr. Ward cannot.

Pursuant to the Washington Franchise Act, a party may be defined as a franchisee, and thus gain the protection of the Washington Franchise Act, if its relationship with the alleged franchisor meets a three-prong test: (1) a person is granted the right to engage in the business of offering, selling or distributing goods or services under a marketing plan prescribed or suggested in substantial part by the grantor or its affiliate; (2) the operation of the business is substantially associated with a trademark, service mark, trade name, advertising, or other commercial symbol designating, owned by, or licensed by the grantor or its affiliate; and (3) the person pays, agrees to pay, or is required to pay, directly or indirectly, a franchise fee. *Corporate Resources, Inc. v. Eagle Hardware & Garden, Inc.*, 62 P.3d 544, 546 (Wash. Ct. App. 2003). A franchise fee is any fee or charge that a franchisee is required to pay or agrees to pay for the right to enter into a business or to continue a business under a franchise agreement, such as "payment for the mandatory purchase of goods or services or any payment for goods or services available only

5

from the franchisor...." *Lobdell v. Sugar and Spice, Inc.*, 658 P.2d 1267, 1273 (Wash. App. Ct. 1983).

Plaintiffs contend that they have adequately stated a claim for relief under the Washington Franchise Act. We agree that Ward Enterprises has stated a claim for relief. However, Mr. Ward cannot state a claim because any relief under the under the Washington Franchise Act is limited to Ward Enterprises and does not extend to the individual plaintiff, Gary Ward. The Washington Franchise Act limits causes of action under the Act to a franchisee, stating that "the franchisee or subfranchisor ... may sue at law or in equity for damages" relating to a violation of the Act. RWC 19.100.190(7). Under the Washington Franchise Act, a franchisee is defined as "a person to whom a franchise is offered or granted." RWC 19.100.190(7). Clearly, the Agreement in this case was between BOA and Ward Enterprises, and the potential franchisee is Ward Enterprises and not Gary Ward. There is nothing in the Washington Franchise Act to indicate that Mr. Ward has any rights under the statute.

As for the corporate plaintiff Ward Enterprises, it need not allege each element of a cause of action. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1038 (7th Cir. 2000). A complaint need only specify the "bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Plaintiff Ward Enterprises has met this minimal standard.

Plaintiffs allege that: (1)Ward Enterprises was granted the right to engage in the offering, selling and distributing of goods and services under a marketing plan or system that was prescribed in substantial part by BOA; (2) the operation of Ward Enterprises was substantially

6

associated with BOA's trademark, trade name and advertising; and (3) Ward Enterprises was required to pay a franchise fee in the form of minimum inventory purchasing requirements, purchases of promotional and advertising materials from BOA or companies affiliated with BOA, and to purchase display fixtures, among other excessive or inflated charges. These allegations are sufficient for Ward Enterprises to state a claim for relief under the Washington Franchise Act.

Further, Plaintiffs' claim that BOA offered to sell and sold a franchise to Plaintiffs through the employment of devices, schemes, and artifices to defraud Plaintiffs. As stated above, Plaintiffs' allegations of fraud have satisfied the heightened pleading requirement of Rule 9(b), and the allegations of fraud in Count III state a claim for the same reasons that Plaintiffs' fraud claim survives this motion to dismiss.

Thus, we grant the motion to dismiss Count III as to the individual plaintiff Gary Ward and deny the motion as to the corporate plaintiff Ward Enterprises.

### IV. As a Matter of Law, Plaintiffs Cannot State a Claim under the Illinois Franchise Disclosure Act

BOA moves to dismiss Count IV of Plaintiffs' complaint, which alleges a violation of the Illinois Franchise Disclosure Act (the "Illinois Franchise Act"). BOA argues, among other things, that the Illinois Franchise Act only applies to businesses in Illinois. In a decision recently issued, the Seventh Circuit concluded that the Illinois Franchise Act "applies only to franchises located within the State of Illinois." *Cromeens, Holloman, Sibert, Inc. v. AB Volvo, et al.*, __ F.3d __, 2003 WL 22519825, at * 3 (7th Cir. Nov. 7, 2003)

In that case, the Seventh Circuit recognized that even a choice of law provision, which specified Illinois law as the parties' choice of law, would not save the claim of a franchisee who was located outside the State of Illinois. *Cromeens, Holloman, Sibert, Inc.*, 2003 WL 22519825, at *3. Plaintiffs' business is located in Seattle, Washington. Thus, Plaintiffs cannot state a claim under the Illinois Franchise Act as a matter of law, and the motion to dismiss Count IV is granted.

## CONCLUSION

For the foregoing reasons, BOA's motion to dismiss Counts II and IV is granted, and the motion is denied with respect to Count I. As for Count III, the motion to dismiss is denied with respect to plaintiff Ward Enterprises and granted as to plaintiff Gary Ward.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: December 1, 2003