# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 7640 | **DATE** | 4/12/2004 |
| **CASE TITLE** | Ward Enterprises, Inc. vs. Bang & Olufsen | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: The motion to strike jury demand [43-1] is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 1 5 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 54 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WARD ENTERPRISES, INC., a Washington corporation, and GARY WARD, | )<br>)<br>)<br>) |
| Plaintiffs, | ) No. 02 C 7640<br>) |
| v. | ) Wayne R. Andersen<br>) District Judge |
| BANG & OLUFSEN AMERICA, a Delaware corporation, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM, OPINION AND ORDER

This matter is before the Court on defendant Bang & Olufsen America's motion to strike plaintiffs' jury demand. For the following reasons, the motion to strike jury demand is granted.

## BACKGROUND

Plaintiff Ward Enterprises, Inc. is in the business of retail sales of audio and video products and telephones, and plaintiff Gary Ward is the owner and operator of Ward Enterprises. Defendant Bang & Olufsen America ("BOA") is the sole distributor in the United States of audio and video products and telephones produced by Bang Olufsen Denmark and its subsidiaries and affiliates. On June 1, 1999, Ward Enterprises and BOA executed a Licensed Dealer Agreement for Ward Enterprises to sell BOA products at a retail outlet in Seattle, Washington for a term of five years. Plaintiff Ward executed a personal guaranty in connection with the Agreement, in which he guaranteed Ward Enterprises' obligations to BOA. On January 31, 2003, BOA terminated the Agreement before the end of its five-year term.

Plaintiffs filed a four count second amended complaint. Previously, this Court dismissed Counts II and IV as to both plaintiffs and also dismissed Count III with respect to Gary Ward. Thus, Counts I and III remain. Count I alleges a claim for fraud, and Count III states a claim for a violation of the Washington Franchise Investment Protection Act. BOA now seeks to strike the jury demand filed by plaintiffs.

## DISCUSSION

BOA argues that plaintiffs have waived their right to a jury because the Licensed Dealer Agreement (the "Agreement"), which governs the parties' relationship, contains a waiver provision. Section 24 of the Agreement specifically provides:

> This Agreement shall be governed by and construed in accordance with the laws of the State of Illinois. Any action related to or arising from this Agreement may be brought only in a state or federal court located within Cook County, Illinois. Dealer and Gary Ward consent to the jurisdiction of any state or federal court located within Cook County, Illinois, waive trial by jury and further waive any objection to jurisdiction and venue of any action related to or arising from this Agreement, and further agree not to assert any defense based on jurisdiction or venue.

A jury waiver will be enforced if it was made knowingly and voluntarily. *Sutter Ins. Co. v. Applied Systems, Inc.*, 2004 WL 161508, at *7 (N.D. Ill. Jan. 26, 2004). Though it is unclear in this Circuit which party bears the burden on the issue of voluntariness of the waiver, we find it unnecessary in this case to address that issue. Either way, plaintiffs are required to come forward with some evidence that calls the voluntariness of the waiver into question, and they have offered no evidence. *Id.*; *see also Reggie Packing Co. v. Lazare Fin. Corp.*, 671 F. Supp. 571, 573 (N.D. Ill. 1987). Indeed, plaintiffs concede that the jury waiver provision in the Agreement is clear,

2

conspicuous and unambiguous, and they do not dispute that they have "waived a jury trial . . . as to actions which are related to or arise from the Agreement."

Instead, plaintiffs argue that there is no waiver of their right to a jury in this case because Counts I and III are not related to and do not arise from the Agreement.

A similar argument, however, already has been raised and rejected in this case by Judge Robert Lasnik of the United States District Court for the Western District of Washington. Plaintiffs initially filed this case in Seattle, Washington. BOA then filed a motion to transfer venue to the Northern District of Illinois pursuant to Section 24 of the Agreement, the same section at issue in the instant motion, arguing that plaintiffs had agreed to a forum selection clause which dictated that "[a]ny action related to or arising from this Agreement may be brought only in a state or federal court located within Cook County, Illinois."

Before Judge Lasnik, plaintiffs argued that their claims did not arise from or relate to the Agreement, and therefore, the case should not be transferred. Rejecting plaintiffs' argument, Judge Lasnik stated:

> Here, the forum selection clause provides that "any action related to or arising from this Agreement may be brought only in a state or federal court located within Cook County, Illinois." The language of the clause clearly states that actions both "arising from" and "relating to" the Agreement must be brought in Illinois. Plaintiffs' assertions that their claims do not "arise from" or "relate to" the Licensed Dealer Agreement are contradicted by the fact that plaintiffs have referenced and attached the Licensed Dealer Agreement to their complaint for damages. The court agrees with BOA and finds that plaintiffs' causes of action, at the very least, "relate to" the Licensed Dealer Agreement.

Order, at 2-3. Judge Lasnik also found that plaintiffs' reliance on *Tracer Research Corp. v. National Environmental. Services. Corp.*, 42 F.3d 1292 (9th Cir. 1994), a case which plaintiffs cite in this motion as well, was misplaced. Judge Lasnik noted that the clause at issue in *Tracer*

contained the phrase "arising from" but did not contain any "relating to" language. Order, at 3 n.1. Relying on *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 798 F.2d 1458, 1464 (9th Cir. 1983), Judge Lasnik concluded that the omission of the "relating to" language is significant, holding:

> The scope of the "arising from" language is narrow and is intended to cover only those disputes relating to the interpretation and performance of the contract itself. In contrast, the scope of "relating to" language is broad and is intended to cover a much wider scope of disputes, not just those arising under the agreement itself.

Order, at 3 n.1 (internal citations omitted). Accordingly, Judge Lasnik found that the forum selection clause was applicable to this case and transferred the matter to this Court.

Similarly, the "related to" and "arising from" language of the forum selection clause is identical to the language of the jury waiver provision, and we agree with Judge Lasnik's analysis and interpretation of the language of Section 24 of the Agreement. Indeed, specific allegations in Counts I and III of plaintiffs' second amended complaint relate to and arise from the Agreement. For example, in paragraphs 10 and 11 of the second amended complaint, plaintiffs allege that BOA made certain fraudulent statements and concealed information relating to the Agreement including allegations, among others, that: (1) plaintiff was not a franchise; (2) plaintiff could expect to derive profits from the operation of the store in amounts projected by BOA; and (3) business projections given to plaintiffs relating to the operation of the store under the Agreement were accurate. These allegations are based on plaintiffs' operation of the store pursuant to the Agreement and in some instances on statements contained in the Agreement itself. Count III also incorporates all of the allegations pertaining to the Agreement discussed above, and the essence

of the allegations in Count III is that, contrary to the statements and structure of the Agreement, plaintiff actually was a franchise even though the Agreement specifically stated otherwise.

## CONCLUSION

For all of the foregoing reasons, the motion to strike jury demand is granted.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: April 12, 2004